IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT, IN AND
FOR BAY COUNTY, FLORIDA,

**CHARLEAN BLACK,**                              **CASE NO. 22-CA-** 487

      **Plaintiff,**

**v.**

**TRI STATE MARITIME SERVICES,**
**INC and THE PORT OF PANAMA**
**CITY FLORIDA,**

      **Defendant.**
_____/

## COMPLAINT

Plaintiff, CHARLEAN BLACK, hereby sues Defendants, TRI STATE MARITIME

SERVICES, INC. and THE PORT OF PANAMA CITY FLORIDA, and alleges:

## JURISDICTION

1.    This is an action brought under Title VII of the Civil Rights Act of 1964, codified

at 42 U.S.C. §2000e et seq., Chapter 760, Florida Statutes, and under 42 U.S.C. §1981.

2.    This is an action involving claims which are, individually, in excess of Thirty

Thousand Dollars ($30,000.00).

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, CHARLEAN BLACK has been a resident

of the State of Florida and employed by Defendants.  Plaintiff is a member of a protected class

because of her gender and because she reported unlawful employment practices and has been

retaliated against thereafter.

4.    At all times pertinent hereto, Defendants, TRI STATE MARITIME SERVICES,

INC. (Defendant I) and THE PORT OF PANAMA CITY FLORIDA (Defendant II), have been

organized and existing under the laws of the United States.  At all times pertinent to this action, Defendants have been an "employer" as that term is used under the applicable laws identified above.  Defendant I is Plaintiff's employer as it relates to these claims, and Defendant II is the Port in which Defendant I operates.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began her employment with Defendant I in February 2020 and, at all times pertinent to this action, has worked as a Stick Layer at Defendant's Tri-State Panama City worksite located at Defendant II, the Port of Panama City Beach.

7.      Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her gender and has been retaliated against after reporting this discrimination.

8.      On or about May 1, 2020, Plaintiff received notice of a contrived allegation and she was falsely accused of driving a maroon-colored Camry while attempting to "run people over". Plaintiff doesn't drive such a vehicle. This allegation was the product of a strategy involving Supervisor Michael Baggett ("Baggett") and Forklift Operator, Amanda Martinez ("Martinez") who were in a romantic relationship to get rid of Plaintiff.

9.      From May 6, 2020, through May 9, 2020, Plaintiff was permitted to work without issue.

10.     On May 9, 2020, Plaintiff overheard Martinez ask Baggett "Why is she still here?"

11.     On the morning of May 10, 2020, Plaintiff reported to work and boarded a boat. An hour later, Supervisor, Michelle l/n/u called Plaintiff's telephone to tell her to get off the boat and

come with her on the golf cart to the security gate. Plaintiff complied. Plaintiff asked Michelle what was going on and Michelle said to get a lawyer.

12.     As Plaintiff went into the security office the Security Manager asked for Plaintiff's badge. The Security Manager said Plaintiff is no longer wanted here and to leave or he would call the police. Plaintiff asked why. The Security Manager called Defendant II's Port Director who was put on speaker phone. The Port Director told Plaintiff that Baggett told him that Plaintiff was terminated due to the allegations against her that she was trying to run people over.

13.     Plaintiff then called Baggett and put him on speaker phone after which he said Plaintiff wasn't fired. The Port Director then replied to Baggett and said, "you said she was fired", and "I don't give a fuck she can't come on to my port". Plaintiff asked for a copy of the incident report and the Port Director said, "no get a lawyer and subpoena it".

14.     Since May 10, 2020, due to the contrived allegations against her, Plaintiff is not permitted to work on the grounds of either Defendants' locations in Panama City.

15.     Plaintiff was treated less favorably than male co-workers, Andre L/N/U and Josh L/N/U, throughout her employment by male management and staff specifically but not limited to receipt of per diem, compensation for travel expenses and her ability to work at Tri-State's Panama City location, both of whom have had accusations made against them but they have not been relocated as Plaintiff has and as described below.

16.     Due to Plaintiff's nonaccess to the Port, she was not able to go to her other job that was located on the Port.

17.     Currently Plaintiff travels to Defendant I, Tri-State's Mobile, Alabama work site, and incurs lodging and travel expenses that are not covered by her employer. She only receives

3

"per diem" when the Panama City group also travels to the Mobile, Alabama site for work assignment.

18.    Plaintiff has retained the undersigned to represent her interests in this case and is obligated to pay her a reasonable fee for her services.  Defendant should be made to pay said

## COUNT I
## SEX DISCRIMINATION

19.    Paragraphs 1 through 18 are re-alleged and incorporated herein by reference.

20.    This is an action against Defendants for discrimination based upon sex.

21.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant I who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's sex.

22.     Defendants I and II are liable for the differential treatment and hostility towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

23.    Furthermore, Defendants I and II knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

24.    The Defendants' known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

25.    In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendant, were of a sex-based nature and in violation of the laws set forth herein.

26.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.

27.     The events set forth herein led, at least in part, to adverse action against Plaintiff as described in part above.

28.     Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender.

29.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)      enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      award Plaintiff interest where appropriate; and

(g)      grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 17th day of May, 2022.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
marie@mattoxlaw.com
Secondary emails:
michelle@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF